1  Roland Tellis (SBN 186269)
   rtellis@baronbudd.com
2  Mark Pifko (SBN 228412)
   mpifko@baronbudd.com
3  Natasha Mehta (SBN 272241)
   nmehta@baronbudd.com
4  BARON & BUDD, P.C.
   15910 Ventura Boulevard, Suite 1600
5  Encino, California 91436
   Telephone:  (818) 839-2333
6  Facsimile:  (818) 986-9698
7
8  Attorneys for Plaintiff
   JOEL SEGUIN, individually, and on
9  behalf of other members of the public
   similarly situated
10

FILED
CLERK, U.S. DISTRICT COURT

FEB - 4 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                      WESTERN DIVISION

14

| | |
|---|---|
| 15  JOEL SEGUIN, individually, and on behalf of other members of the general public similarly situated, | Case Number: **CV13 - 00761** - AG (SHx) |
| 16 | |
| 17              Plaintiff, | **CLASS ACTION COMPLAINT FOR:** |
| 18        vs. | (1)  Violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*) |
| 19 | |
| 20  NISSAN NORTH AMERICA, INC. a California corporation, and NISSAN JIDOSHA KABUSHIKI KAISHA d/b/a NISSAN MOTOR CO., LTD., a publicly traded company in Japan, | (2)  Violation of Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); |
| 21 | |
| 22 | (3)  Breach of Implied Warranty pursuant to Song-Beverly Consumer Warranty Act; |
| 23              Defendants. | |
| 24 | (4)  Fraud; and |
| 25 | (5)  Unjust Enrichment |
| 26 | **Jury Trial Demanded** |
| 27 | |
| 28 | |

1    Plaintiff JOEL SEGUIN ("Plaintiff"), individually and on behalf of all other
2    members of the public similarly situated, alleges as follows:
3         1.    This is a consumer class action concerning a breach of warranty and an
4    intentional failure to disclose material facts and a safety concern to consumers.
5    Secondary timing chains, secondary timing chain tensioners and secondary timing chain
6    tensioner shoes ("Timing Chain Systems") installed in 2004 –2008 Nissan Maxima
7    vehicles, 2004 – 2009 Nissan Quest vehicles, 2004 – 2006 Nissan Altima vehicles (with
8    the VQ35 engine), 2005 – 2007 Nissan Pathfinder vehicles, 2005 – 2007 Nissan Xterra
9    vehicles, and 2005 – 2007 Nissan Frontier vehicles (with the VQ40 engine)
10   (collectively, "Subject Nissan Vehicles"), which were designed, manufactured,
11   imported, distributed, marketed, and maintained, upon information and belief, by Nissan
12   North America, Inc. and Nissan Jidosha Kabushiki Kaisha d/b/a Nissan Motor Co., Ltd.
13   (collectively, "Nissan" or "Defendants"), were prone to premature failure and could not
14   be reasonably repaired.  Nissan's breach of warranty and failure to disclose material
15   facts presents a safety concern to consumers, and has caused consumers to suffer
16   significant monetary damages.

17                            **INTRODUCTION**
18        2.    The Timing Chain Systems installed in the Subject Nissan Vehicles are
19   prone to premature failure, before the end of the useful life of the vehicles, and well
20   before consumers reasonably expect any such failure to occur.  Plaintiff is informed and
21   believes, and based thereon, alleges that a vehicle's Timing Chain System is intended
22   and reasonably expected to last for at least ten years, if not more, without the need for
23   repair or replacement.
24        3.    Nissan has been aware that the Timing Chain Systems installed in the
25   Subject Nissan Vehicles are prone to premature failure, and Nissan continued to install
26   defective Timing Chain Systems in the Subject Nissan Vehicles knowing that they were
27   prone to premature failure.  Nissan not only refused to disclose the problem, but also
28   actively concealed knowledge of it.

---

CLASS ACTION COMPLAINT

4.     Nissan undertook affirmative efforts to conceal the failures through, among other things, Technical Service Bulletins issued to repair facilities.  Although Nissan was aware enough of the problem to issue multiple Technical Service Bulletins to repair facilities, informing them of the need for Timing Chain Systems to be replaced, Nissan selectively chose not to inform consumers of this fact.  Nissan concealed this so that the warranty period on the Subject Nissan Vehicles would expire before owners become aware of the problem.  Through this practice, Nissan unlawfully transfers the cost of replacement from itself to the owners of the Subject Nissan Vehicles.

5.     As a result of Nissan's failure to disclose the fact that the Timing Chain Systems were prone to unavoidable premature failure, consumers are required to spend thousands of dollars to replace the Timing Chain Systems, or sell their vehicles without repair at a substantial loss.  The fact that the Timing Chain Systems are prone to premature failure is material because no reasonable consumer expects to spend thousands of dollars to replace essential components of the Subject Nissan Vehicles' engines in the early years of vehicle ownership.

6.     Furthermore, the fact that the Timing Chain Systems were prone to sudden premature failure is material to consumers because it presents a serious safety issue and places the driver and passengers at a risk of harm.  The Timing Chain Systems form an integral component of the Subject Nissan Vehicles' engines.  When they fail, they can cause a variety of problems, including the inability of the vehicles to accelerate and maintain speed, as well as catastrophic engine failure, among other issues.  When any of these occur while the vehicles are in motion, occupants of the vehicles are exposed to rear end collisions and other accidents caused by the driver's inability to maintain an appropriate speed on the road.  The fact that the Timing Chain Systems are prone to premature failure is also material to consumers because there is no safe alternative way for owners of the Subject Nissan Vehicles to avoid the risk of potential harm.  As a result of its failure to disclose the material fact that the Timing Chain Systems installed in the Subject Nissan Vehicles are prone to premature failure, Nissan has recklessly

2

1  placed the safety of owners and occupants of the vehicles at risk.

2       7.    Plaintiff and members of the Class (as defined below) would not have

3  bought the Subject Nissan Vehicles had they known that the Timing Chain Systems

4  installed were prone to unavoidably dangerous and premature failure.  When Plaintiff

5  and members of the Class purchased the Subject Nissan Vehicles, they relied on their

6  reasonable expectations that the Subject Nissan Vehicles would not pose an unavoidable

7  safety risk.

8       8.    Furthermore, had Nissan disclosed to consumers the material fact that the

9  Timing Chain Systems were prone to premature failure and required replacement,

10  Nissan Vehicle owners would have required Nissan to replace the Timing Chain

11  Systems before the five-year warranty periods expired.  Nevertheless, notwithstanding

12  Nissan's awareness of the safety defect, Nissan never disclosed these material facts to

13  consumers at the time at the time of purchase, nor anytime thereafter.

14  **JURISDICTION AND VENUE**

15       9.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2).  The

16  matter in controversy, exclusive of interest and costs, exceeds the sum or value of

17  $5,000,000 and is a class action in which members of the Class (as defined below) are

18  citizens of states different from Defendant.  Further, greater than two-thirds of the

19  members of the Class reside in states other than the states in which Defendant is a

20  citizen.  In addition, under 28 U.S.C. § 1367, this Court may exercise supplemental

21  jurisdiction over the state law claims because all of the claims are derived from a

22  common nucleus of operative facts and are such that plaintiffs would ordinarily expect

23  to try them in one judicial proceeding.

24       10.    Venue lies within this judicial district under 28 U.S.C. § 1391(a) and (c)

25  because Nissan has sufficient contacts with this District to subject it to personal

26  jurisdiction in this District, and a substantial part of the events and omissions giving rise

27  to the claims asserted in this Complaint occurred within this District.

28

CLASS ACTION COMPLAINT

## PARTIES

11.    Plaintiff Joel Seguin is Citizen of California and a resident of Northridge, California, in Los Angeles County, California.

12.    Defendant Nissan North America, Inc. is a California corporation with its principal place of business located at One Nissan Way, Franklin, Tennessee, 37067, and doing business in California.

13.    Defendant Nissan Jidosha Kabushiki Kaisha d/b/a Nissan Motor Co., Ltd. is the parent company of Nissan North America, Inc.  Nissan Motor Co., Ltd. is publicly traded in Japan.

14.    Defendants are responsible for the importation, distribution, marketing and sale of the "Subject Nissan Vehicles.

15.    Whenever, in this Complaint, reference is made to any act, deed or conduct of Nissan, the allegation means that Nissan engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees or representatives who was actively engaged in the management, direction, control or transaction of the ordinary business and affairs of Nissan.

## FACTUAL BACKGROUND

16.    Nissan is known throughout the United States and internationally as a major manufacturer of automobiles and related products, which are sold under the Nissan and Infiniti brands.

17.    Doing business as Jidosha Seizo Co., Ltd., Nissan first established operations in 1933, and began production of motor vehicles shortly thereafter. Exportation of passenger cars to the United States began in 1958.  The cars were then sold under the Datsun brand.  In or about September 1960, Nissan Motor Corporation, now Nissan North America, Inc., opened for business in the United States.

18.    Nissan designed, manufactured, imported, distributed and marketed the Subject Nissan Vehicles in the United States, including California.  Nissan also provides maintenance services for the Subject Nissan Vehicles through its nationwide network of

4

1    authorized dealers and service providers.

2         19.    The Subject Nissan Vehicles are equipped with defective Timing Chain

3    Systems that fail prematurely, before the end of the useful life of the Subject Nissan

4    Vehicles.  Plaintiff is informed and believes, and on that basis alleges that a vehicle's

5    Timing Chain System is intended and reasonably expected to last at least ten years, if

6    not more, without the need for repair and replacement.

7         20.    Timing Chain Systems form an integral component of a functioning internal

8    combustion engine.  They are responsible for connecting the engine's camshaft to the

9    crankshaft, which in turn control the opening and closing of the engine's valves, which

10   must occur at certain time intervals.  The valves must open and close in a synchronized

11   manner in order for an engine to function; the Timing Chain System is responsible for

12   ensuring that this occurs.

13        21.    When the Subject Nissan Vehicles' Timing Chain Systems fail, this sets off

14   a chain reaction, causing extensive damage to the Subject Nissan Vehicles' engines and,

15   oftentimes, complete destruction of the engine.   A malfunction in the Timing Chain

16   Systems causes the Subject Nissan Vehicles' pistons and valves in the Subject Nissan

17   Vehicles to crash into one another.  This in turn leads to catastrophic engine failure in

18   the Subject Nissan Vehicles.  Timing Chain System failure also causes increased vehicle

19   emissions and worsening fuel economy, as well as the inability of the Subject Nissan

20   Vehicles to accelerate, maintain speed, and idle smoothly.

21        22.    Consequently, owners of the Subject Nissan Vehicles are required to incur

22   substantial costs to replace the defective Timing Chain Systems, as well as to repair or

23   replace the Subject Nissan Vehicles' damaged or irreparably destroyed engines.

24   Depending on the extensiveness of damage to the Subject Nissan Vehicles' engines,

25   owners suffer monetary damages in the thousands of dollars.  At times, the cost of repair

26   or replacement is greater than the value of the Subject Nissan Vehicles at the time of the

27   premature failure.

28        23.    Additionally, because the Timing Chain Systems can fail without warning,

5

leaving drivers unable to accelerate and maintain speed, or potentially with a completely destroyed and inoperable engine, this defect poses a serious safety concern that is not reasonably avoidable. Occupants, thus, are placed at risk of being struck by other vehicles in traffic.

24. Images of the defective Timing Chain System installed in the Subject Nissan Vehicles appear as follows:

**Figure 1:**
(timing chain tensioner properly seated)

**Figure 2:**
(timing chain tensioner guide clip, on the top, breaks, and allows tensioner guide to slip out of position)




**Figure 3:**
(after chain tensioner guide slips out of position, timing chain tensioner becomes unseated)



**Figure 4:**
(unseated timing chain tensioner begins to press into bare metal; damage leading to engine failure begins to occur)



**Figure 5:**
(premature failures of the Timing Chain System installed in the Subject Nissan Vehicles also stem from worn secondary timing chain tensioners, which are made from an inferior design and substandard materials)



7

25.     Plaintiff is informed and believes, and based thereon, alleges that reasonable alternative designs exist for Timing Chain Systems, and that Nissan was aware of these reasonable alternatives at the time of installation.

26.     Plaintiff is informed and believes, and based thereon, alleges that hundreds of owners of the Subject Nissan Vehicles have reported such complaints regarding the Timing Chain Systems, and that Nissan is well aware of the problem and associated safety risks.  Plaintiff is informed and believes, and based thereon, alleges that these complaints have been made to Nissan directly, including through Nissan's network of dealerships, and to Nissan's customer service agents.

27.     Additionally, the National Highway Transportation and Safety Administration has documented numerous complaints concerning this issue.  However, Nissan refuses to offer any remedy, or even publicly acknowledge the problem.

28.     Instead, Nissan took steps to actively conceal this safety defect from consumers.  Plaintiff is informed and believes, and based thereon, alleges that soon after the Subject Nissan Vehicles were first offered for sale in 2003, Nissan began receiving reports of premature Timing Chain System failures.  Nevertheless, although Nissan was well aware of significant numbers of Timing Chain System failures, Nissan kept it a secret and failed to disclose the problem, even as it continued to sell vehicles manufactured with defective Timing Chain Systems that were prone to premature and unsafe failures.  And, even when the problem became so pervasive that Nissan had to issue Technical Service Bulletins to its dealerships informing them of the need to replace the Timing Chain Systems, Nissan still did not inform consumers of this problem.

### Technical Service Bulletins

29.     Among other things, Nissan's knowledge that the Subject Nissan Vehicles were equipped with defective Timing Chain Systems is evidenced by multiple Technical Service Bulletins ("TSBs") Nissan first issued to its dealerships on or around July 2007.  Indeed, in the TSBs Nissan demonstrated its knowledge that components of the Timing

8

1    Chain Systems were so defective that they were beyond repair – they needed to be
2    replaced entirely.  Plaintiff is informed and believes, and based thereon alleges, that
3    Nissan received complaints concerning the Timing Chain Systems well before 2007, and
4    as a result of investigating the complaints and weighing potential resolutions, ultimately
5    issued the TSBs in 2007.
6        30.    Plaintiff is informed and believes that the first TSB (Reference No. NTB07-
7    042), issued on or around July 17, 2007, entitled "**VQ ENGINE; BUZZING /**
8    **WHINING NOISE FROM TIMING CHAIN AREA**" instructed technicians
9    to "[r]eplace **both** secondary timing chains and **both** secondary timing chain tensioners"
10    (emphasis in original).  This TSB applied to 2004 – 2007 Nissan Maxima vehicles, 2004
11    – 2007 Nissan Quest vehicles, 2004 – 2006 Nissan Altima vehicles (with VQ35
12    engines), 2005 – 2007 Nissan Pathfinder vehicles, 2005 – 2007 Nissan Xterra vehicles,
13    and 2005 – 2007 Nissan Frontier vehicles (with VQ40 engines).  Despite this serious
14    safety issue that affected six models of the Subject Nissan Vehicles, Plaintiff is informed
15    and believes, and on that basis, alleges that rather than disclose the problem to the public
16    and offer an adequate solution, Nissan attempted to conceal it.
17        31.    Nissan issued another on April 17, 2009 (Reference No. NTSB07-042a),
18    informed technicians that a buzzing or whining noise, coming from the secondary time
19    chain or camshaft sprocket areas, indicated that the secondary timing chains and
20    secondary timing tensioners were faulty and needed to be replaced.  This TSB applied to
21    2004 – 2007 Nissan Maxima vehicles, 2004 – 2007 Nissan Quest vehicles, 2004 – 2006
22    Nissan Altima vehicles (with VQ35 engines), 2005 – 2007 Nissan Pathfinder vehicles,
23    2005 – 2007 Nissan Xterra vehicles, and 2005 – 2007 Nissan Frontier vehicles (with
24    VQ40 engines).
25        32.    Nissan issued another TSB on December 14, 2009 (Reference No.
26    NTSB07-042c) regarding defective Timing Chain Systems.  This TSB applied to 2004 –
27    2008 Nissan Maxima vehicles, 2004 – 2006 Nissan Altima vehicles (with VQ35
28    engines), and 2004-2009 Nissan Quest vehicles.  This TSB informed technicians that a

9

high frequency buzzing or whining noise coming from the secondary timing chain system, which increased in frequency with engine speed, indicated that the secondary timing chains and the secondary timing chain tensioner "shoes" were faulty and needed to be replaced.

33.    Despite issuing multiple TSBs regarding this safety defect, Nissan still refused to disclose the problem to consumers.  Nissan concealed this material information from owners of the Subject Nissan Vehicles, making it less likely that they would have defective components of their Timing Chain Systems replaced prior to the expiration of their warranties.   Instead, Nissan unlawfully transferred the cost of replacement of the Timing Chain Systems to owners of the Subject Nissan Vehicles.

34.    Moreover, in 2009, Nissan issued a press release representing that the Subject Nissan Vehicles featured a "silent timing chain," not the "whining" and "buzzing" one that it knew consumers were actually experiencing in their vehicles. Specifically, the press release stated:

> Like others in the VQ family, the 4.0-liter version includes such advanced design features as lightweight aluminum block and cylinder heads, Continuous Valve Timing Control (CVTCS), Nissan variable Induction Control System (NICS), silent timing chain and microfinished camshaft and crankshaft surfaces.

(*See* http://nissannews.com/en-US/nissan/usa/channels/us-united-states-nissan-models-xterra/presskits/2009-nissan-xterra-press-kit-3 (last visited Jan. 3, 2013)).

## National Highway Traffic Safety Administration Complaints

35.    Notwithstanding the TSBs, Nissan's awareness of the fact that the Timing Chain Systems in the Subject Nissan Vehicles are defective and prone to premature failure is evidenced by the numerous complaints concerning the issue that have been made to the National Highway Traffic Safety Administration ("NHTSA").

36.    Nevertheless, even in the face of these complaints, Nissan has still refused to disclose to consumers that there is a problem with the Timing Chain Systems, and continues to put owners of the Subject Nissan Vehicles and their occupants at risk.

37.    A small sample of complaints regarding the premature failure of the Timing Chain Systems reported to the NHTSA is as follows:

Make :    Model :
NISSAN  MAXIMA    Year : 2005

Manufacturer : Nissan North America, Inc.

Crash :
No    Fire : No    Number of Injuries: 0

ODI ID Number :
10489439    Number of Deaths: 0

Date Complaint
Filed: December 21,    Date of Incident: December 1, 2012
2012

VIN :
1N4BA41E25C...

Component: ENGINE

Summary:
   IT HAS BEEN PROVEN AND REPORTED MANY TIMES ON THE INTERNET OF THE POOR DESIGN OF THE SECONDARY TIMING CHAINS, TENSIONERS, AND GUIDES FOR THIS PARTICULAR MODEL OF NISSAN. OWNERS OF THESE VEHICLES HAVE HAD TO PAY HUGE REPAIR BILLS DUE TO THE DEFECTIVE TIMING CHAIN TENSIONERS THAT WERE PLACED IN THIS VEHICLE WHEN IT WAS MANUFACTURED. THEY WEAR OUT PREMATURELY AND THE ENGINE HAS TO BE TAKEN OUT OF THE CAR TO REPLACE THE DEFECTIVE PARTS. THIS IS INEXCUSABLE ON THE PART OF NISSAN AND THE OWNERS SHOULDN'T HAVE TO PAY THESE HUGE REPAIR COSTS TO REPLACE A PART THAT WAS DEFECTIVE IN THE FIRST PLACE. *TR

11

Make :    Model :
NISSAN  ALTIMA    Year : 2004

Manufacturer : Nissan North America, Inc.

Crash :
No      Fire : No    Number of Injuries: 0

ODI ID Number :
10473116      Number of Deaths: 0

Date Complaint
Filed: August 30,      Date of Incident: June 7, 2011
2012

VIN :
1N4BL11E64C...

Component: ENGINE

Summary:
    FIRST OF ALL I NOTICED ON 06/07/11 THAT MY 2004 NISSAN ALTIMA3.5 SE PASSENGER FLOOR BOARD HAS A BIG RUST SPOT WHICH IS ABOUT 11 INCHES BY 7 INCHES, BUT THE REST OF THE FLOOR BOARD IS IN PRISTINE CONDITION. HUH. ALSO THE TIMING TENSION CHAIN TENSIONER WENT BAD ON 05/01/12, WITH 86000 MILES AND HAD TO BE REPAIRED WHICH WAS A VERY EXPENSIVE TO REPAIR, AND SAW THAT THIS IS A COMMON PROBLEM ON THE ALTIMA 3.5 L ENGINE. HMMMM. AND THEN, THE CAR KEPT ON STALLING OUT GOING DOWN THE ROAD, WAS TOLD IT WAS THE CAM SHAFT SENSORS, AND HAD TO HAVE THEM REPLACED, NOW MY SERVICE ENGINE LIGHT WILL NOT GO OFF, BUT ENGINE IS RUNNING GOOD NOW. I BOUGHT A NEW 2012 ALTIMA 3.5 SL BACK IN DECEMBER 2011, KEPT THE 04 ALTIMA, MOST OF THESE PROBLEMS HAPPENED FIVE MONTHS AFTER BUYING THE 2012 DON'T THINK. *TR

12

Make :    Model :    Year : 2005
NISSAN  ALTIMA

Manufacturer : Nissan North America, Inc.

Crash :    Fire : No    Number of Injuries: 0
No

ODI ID Number :    Number of Deaths: 0
10458871

Date Complaint
Filed: May 17,    Date of Incident: April 3, 2012
2012

VIN :
1N4BL11D05N...

Component: ENGINE

Summary:
    I OWN A 2005 NISSAN ALTIMA WITH ONLY 51,570 MILES AND I NOTICED A STRANGE
SOUND COMING FROM THE ENGINE. I USE TOP GRADE GAS AND HAVE HAD THE OIL
CHANGED EVERY 3000-3500 MILES. I TOOK IT TO A SHOP AND FOUND THAT IT WAS THE
TENTIONER FOR THE TIMING BELT. HAVE HE GOT TO THE ITEM HE SHOWED ME WHERE
THE HARD PLASTIC CLIP HAD BUSTED OFF AND HAD THE ALLOWED THE TIMING BELT
TO BECOME SLOPPY. THANK GOD I HAD A EXTENDED WARRANTY SO IT WAS COVERED
HOWEVER, NOW I NOTICE I AM USING EXCESSIVE OIL. I ONLY NOW HAVE 51,880 MILES
AND HAD TO ADD 1 QT OIL. IN CHECKING WITH WEB SITES IT IS A COMMON PROBLEM
WITH THE PRE-CATS CAUSING ISSUES AND NISSAN IS AWARE BUT WILL NOT DO A
RECALL ON THE VEHICLE. IT IS A DESIGN FLAW AND SHOULD BE COVERED BY NISSAN.
*TR

13

Make :     Model :     Year : 2006
NISSAN   ALTIMA

Manufacturer : Nissan North America, Inc.

Crash :     Fire : No   Number of Injuries: 0
No

ODI ID Number :     Number of Deaths: 0
10463979

Date Complaint     Date of Incident: June 7, 2012
Filed: July 2, 2012

VIN : Not
Available

Component: ENGINE

Summary:
     AFTER DRIVING FOR 30-40 MINUTES AT INTERSTATE SPEED AND STOPPING AT EXIT
THE ENGINE WOULD RATTLE. TOOK IT TO THE DEALER SEVERAL TIMES AND PAID FOR
A COUPLE OF THE SUGGESTED REPAIRS, WE DECIDED TO RESEARCH IT AND TAKE IT TO
A SHOP FOR REPAIRS. THE TIMING CHAINS AND GUIDES ALL NEEDED REPLACING. THIS
SHOULD BE A RECALL. *JS

14

Make :     Model :        Year : 2006
NISSAN   PATHFINDER

Manufacturer : Nissan North America, Inc.

Crash :
No        Fire : No       Number of Injuries: 0

ODI ID Number :            Number of Deaths: 0
10485848

Date Complaint Filed:
November 23, 2012       Date of Incident: November 14, 2012

VIN : 5N1AR18W26C...

Component: ENGINE

Summary:
    2006 NISSAN PATHFINDER 103K MILES. WE NOTICED VEHICLE WOULD SHUDDER
UPON ACCELERATION AT APPROXIMATELY 40 MPH AND AGAIN AT 50 MPH. ALSO AT
TIMES THE ENGINE WOULD REV UP LIKE IT COULDN'T SHIFT TO THE NEXT GEAR. IF WE
SLOWED DOWN TO 50 AND RE-ACCELERATED TO 55 MPH, THE SHUDDERING BECAME A
SEVERE VIBRATION. WE TOOK IT TO AN INDEPENDENT MECHANIC SINCE WE HAD
RECENTLY A BAD EXPERIENCE WITH OUR LOCAL NISSAN DEALER IN FIXING ANOTHER
PROBLEM (TIMING CHAIN). THE MECHANIC DROPPED THE TRANSMISSION PAN AND
FOUND THE RADIATOR WAS LEAKING COOLANT INTO THE TRANSMISSION FLUID.
MECHANIC STATED WE WERE VERY LUCKY TO HAVE CAUGHT THIS RIGHT AWAY AS IT
COULD HAVE CAUSED A LOT OF OTHER PROBLEMS TOO LENGTHY TO MENTION HERE.
MECHANIC REPLACED RADIATOR AND DID A TRANNY FLUSH BUT I'M NOT SURE OUR
PROBLEMS ARE OVER. NOW THE FUEL GAUGE REGISTERS EMPTY AFTER I HAVE JUST
FILLED UP WITH FUEL, THE SERVICE ENGINE LIGHT CAME ON, AND NOW I AM TOTALLY
STRESSED OUT DRIVING ANYWHERE, AND ESPECIALLY IN TRAFFIC. *TR

CLASS ACTION COMPLAINT

Make :    Model :    Year : 2007
NISSAN  PATHFINDER

Manufacturer : Nissan North America, Inc.

Crash :    Fire : No    Number of Injuries: 0
No

ODI ID Number :    Number of Deaths: 0
10476901

Date Complaint Filed:    Date of Incident: September 20, 2012
September 24, 2012

VIN : 5N1AR18W87C...

Component: ENGINE

Summary:
    RADIATOR DEFECT LEAKED COOLANT INTO THE TRANSMISSION CAUSED
TRANSMISSION TO FAIL; WILL NEED A NEW RADIATOR AND TRANSMISSION BECAUSE
OF THIS KNOWN DEFECT IN THE RADIATOR. ALSO, ENGINE TIMING CHAIN DEFECTS IN
2005-2010 PATHFINDERS. REPAIRS ARE SET TO BE $12,000 - WHICH IS MORE THAN THE
VALUE OF THE VEHICLE. *TR


Make :    Model :    Year : 2006
NISSAN  XTERRA

Manufacturer : Nissan North America, Inc.

Crash :    Fire : No    Number of Injuries: 0
No

ODI ID Number :    Number of Deaths: 0
10481259

Date Complaint
Filed: October 20,    Date of Incident: October 1, 2011
2012

VIN : Not
Available

Component: ENGINE

Summary:
    ENGINE BEGAN TO MAKE A WHINING NOISE. WAS NOT NOTICED BY THE DEALERSHIP
WHILE STILL UNDER WARRANTY, HOWEVER, IT WAS NOTICED AFTER THE WARRANTY
WAS UP. WAS TOLD THAT THE ENGINE NOISE IS DUE TO THE PLASTIC TIMING CHAIN
GUIDES THAT WEAR DOWN AND THEN THE TIMING CHAIN BEGINS TO RUB ON METAL.
FAILURE TO CHANGE OUT THE ENTIRE TIMING CHAIN KIT MAY RESULT IN THE TIMING
CHAIN BREAKING AND RUPTURING THE OIL PAN. I WAS TOLD BY THE SERVICE
DEPARTMENT OF THE LOCAL DEALERSHIP THAT THE PLASTIC GUIDES WERE A FAULTY
PART BUT IT WAS NOT A RECALL, IF THE CAR WAS STILL UNDER WARRANTY THEY
WOULD HAVE FIXED THE PROBLEM. I DON'T THINK ANY CAR WITH LESS THAN 100K

16

MILES SHOULD NEED SUCH A PRICEY "WEAR AND TEAR" FIX AND I BELIEVE THIS PART IS FAULTY AND SHOULD BE RECALLED. IN ADDITION, SINCE I HAVE PURCHASED THE CAR IN 2010 I HAVE HAD A DIFFERENTIAL SEAL LEAK AND A REAR AXLE SEAL LEAK. ALL OF WHICH I HAVE BEEN TOLD ARE NORMAL "WEAR AND TEAR" WITH A REPAIR PRICE TAG OF A FEW THOUSANDS OF DOLLARS. *TR

Make : Model : Year : 2006
NISSAN XTERRA

Manufacturer : Nissan North America, Inc.

Crash : Fire : No   Number of Injuries: 0
No

ODI ID Number :   Number of Deaths: 0
10467888

Date Complaint   Date of Incident: March 10, 2010
Filed: July 26, 2012

VIN :
5N1AN08W56C...

Component: ENGINE

Summary:
   -FUEL SYSTEM HAS A PROBLEM REGISTERING THE AMOUNT OF FUEL IN THE TANK, THE PROBLEM IS ASSOCIATED WITH A FAULTY FUEL LEVEL SENDING UNIT THAT NISSAN REFUSES TO RECALL. -WHINING NOISE COMING FROM INSIDE THE ENGINE, NOISE COMES FROM A FAULTY TIMING CHAIN TENSIONER GUIDE THAT NISSAN REFUSES TO RECALL. *TR

17

Make :    Model :    Year : 2006
NISSAN  XTERRA

Manufacturer : Nissan North America, Inc.

Crash :    Fire : No    Number of Injuries: 0
No

ODI ID Number :    Number of Deaths: 0
10465254

Date Complaint    Date of Incident: June 8, 2012
Filed: July 11, 2012

VIN :
5N1AN08W76C...

Component: ENGINE

Summary:
    THE VEHICLE HAS A WHINING NOISE. WHEN TAKEN TO THE DEALERSHIP, IT WAS
DIAGNOSED AS A WORN DOWN TENSIONER FOR THE TIMING CHAIN. IF NEGLECTED IT
COULD CAUSE ENGINE DAMAGE AND MALFUNCTION. THE DEALER CLAIMS THE REPAIR
INCLUDES REMOVING THE TENSIONER AND REPLACING WITH AN UPGRADED PART AS
THEY KNOW THE ORIGINAL PART IS FAULTY. NISSAN IS AWARE OF THE ISSUE AND
ISSUED A SERVICE BULLETIN IN 2009 NTSB07-042A, BUT REFUSES TO FIX THIS PART IN
THEIR VEHICLES. THIS SHOULD BE RECALLED! *TR

Make :    Model :    Year : 2007
NISSAN  XTERRA

Manufacturer : Nissan North America, Inc.

Crash :    Fire : No    Number of Injuries: 0
No

ODI ID Number :    Number of Deaths: 0
10488064

Date Complaint
Filed: December    Date of Incident: December 6, 2012
11, 2012

VIN :
5N1AN08U57C...

Component: ENGINE

Summary:
    MY 2007 XTERRA WITH 62K MILES BEGAN MAKING A WHINING NOISE WHEN
ACCELERATING . NOT SURE WHAT IT WAS I TOOK IT TO THE NISSAN DEALER WHERE I
GET ALL MY MAJOR SERVICES DONE .THE TECHNICIAN TOOK A LOOK AT THE PROBLEM
AND WITHIN MIN NOTIFY ME IT IS THE TIMING BELT CHAIN AND GUIDES , KNOWN
ISSUE FOR MY NISSAN XTERRA . WHEN I ASK HIM IF HE IS SURE HE CONFIRM HE DOES
FEW OF THIS EVERY MONTH AND THAT THE PROBLEM IS SO KNOWN THAT NISSAN HAS

18

A SERVICE BULLETIN, WITH THE TITLE DESCRIBING THE ISSUE AND THE SYMPTOM ! HE HAS CONFIRM THE ISSUE IS WITH THE PLASTIC GUIDE THAT IS PART OF THE DESIGN . LOOKING ONLINE I FIND MANY NISSAN OWNERS ARE EXPERIENCING THE SAME PROBLEM . I AM EXTREMELY DISAPPOINTED WITH THE NISSAN BRAND AND NOT SURE WHAT TO DO , IF I REPLACE THE PART , WILL IT HAPPEN AGAIN AS IT IS A DESIGN ISSUE ? WHEN BUYING THE CAR, ONE OF THE SELLING POINT WAS THAT THE CAR DOES NOT HAVE A TIMING BELT ANYMORE BUT A CHAIN! THAT WILL MOST LIKELY ENGINE ITSELF . CALLING NISSAN CUSTOMER SERVICE DID NOT HELP AND I AM LEFT WITH A $2000 REPAIR DUE TO A KNOWN ISSUE AND BAD DESIGN. *TR

Make :    Model :    Year : 2006
NISSAN   FRONTIER

Manufacturer : Nissan North America, Inc.

Crash :    Fire : No    Number of Injuries: 0
No

ODI ID Number :    Number of Deaths: 0
10486456

Date Complaint Filed:    Date of Incident: September 19, 2012
November 29, 2012

VIN : Not Available

Component: ENGINE

Summary:
    TL* THE CONTACT OWNS A 2006 NISSAN FRONTIER. THE CONTACT STATED THAT WHILE DRIVING APPROXIMATELY 35 MPH, HE HEARD A WHINING NOISE COMING FROM THE FRONT END OF THE VEHICLE WHILE ACCELERATING. THE VEHICLE WAS TAKEN TO A DEALER FOR DIAGNOSTIC TESTING. THE TECHNICIAN STATED THAT THE TIMING CHAIN GUIDE NEEDED TO BE REPLACED. THE MANUFACTURER WAS MADE AWARE OF THE FAILURE AND ADVISED THE CONTACT THAT THE VEHICLE WAS NOT INCLUDED IN ANY RECALLS. THE VEHICLE WAS NOT REPAIRED. THE APPROXIMATE FAILURE MILEAGE WAS 44,000 AND THE CURRENT MILEAGE WAS 45,000. THE VIN WAS NOT AVAILABLE.

Make : NISSAN    Model : FRONTIER    Year : 2006

Manufacturer : Nissan North America, Inc.

Crash : No    Fire : No    Number of Injuries: 0

ODI ID Number : 10484740    Number of Deaths: 0

Date Complaint Filed: November 15, 2012    Date of Incident: November 16, 2011

VIN : Not Available

Component: ENGINE

Summary:
    WHEN STARTING THE VEHICLE A WHINING CLICKING NOISE IS NOTICEABLE UNTIL VEHICLE IS AT NORMAL OPERATING TEMPERATURE . AFTER INVESTIGATING THIS PROBLEM ON THE INTERNET I LEARNED THAT THIS IS NOT AN ISOLATED OCCURRENCE AND NISSAN MOTOR CORPORATION IS WELL AWARE THAT THIS IS A MANUFACTURES DEFECT IN THERE V6 MOTORS AT THE TIMING CHAIN GUIDES BUT REFUSES TO TAKE RESPONSIBILITY TO ADDRESS AND FIX THIS PROBLEM AND EXPECTS THE OWNER OF THE VEHICLE TO PAY FOR NISSAN MOTOR CORPORATION DEFECTIVE TIMING CHAIN GUIDES THAT END UP DROPPING DOWNWARD OUT OF THEIR ORIGINAL POSITION THAT CAUSES TIMING CHAIN FAILURE . I PAID 24000 DOLLARS FOR THIS TRUCK BRAND NEW FROM METRO NISSAN IN ONTARIO CALIF, FOR THAT KIND OF MONEY NISSAN SHOULD TREAT THERE CUSTOMERS BETTER AND TAKE RESPONSIBILITY FOR THERE MISTAKES AND BE HELD ACCOUNTABLE TO FIX THIS DEFECT.. I WILL NEVER BY A NISSAN AGAIN AND I WILL NEVER RECOMMEND PURCHASING A NISSAN TO ANYONE IF THIS DOESN'T BECOME A RECALL! *TR

CLASS ACTION COMPLAINT

Make :  Model :  Year : 2004
NISSAN  QUEST

Manufacturer : Nissan North America, Inc.

Crash :  Fire :  Number of Injuries: 0
No        No

ODI ID Number :  Number of Deaths: 0
10482136

Date Complaint
Filed: October 24,  Date of Incident: October 21, 2012
2012

VIN :
5N1BV28U54N...

Component: ENGINE

Summary:
    I WAS DRIVING ABOUT 50 MPH WHEN I HEARD A NOISE COMING OUT OF THE ENGINE CRANK NOISE WHEN I STOPPED TO CHECK , THE ENGINE STOPPED AND NEVER STARTED AGAIN I TOWED TO GARAGE AND THEY SAY IT IS THE TIMING CHAIN. *TR

Make :  Model :  Year : 2005
NISSAN  QUEST

Manufacturer : Nissan North America, Inc.

Crash :  Fire :  Number of Injuries: 0
No        No

ODI ID Number :  Number of Deaths: 0
10452713

Date Complaint
Filed: March 22,  Date of Incident: March 22, 2012
2012

VIN :
5N1BV28U45N...

Component: ENGINE AND ENGINE COOLING

Summary:
    I OWN A NISSAN QUEST 05.I GOT IT BRAND NEW.I HAD IT FOR 6 YEARS AND AFTER 51,000 MILES I WAS TOLD BY THE DEALERSHIP THAT I NEED ANEW TIMING CHAIN.THEY ARE ASKING $2200.ITS A DEFECT AND THEY SHOULD COVER IT. *TR

21

Make :    Model :    Year : 2005
NISSAN    QUEST

Manufacturer : Nissan North America, Inc.

Crash :    Fire :    Number of Injuries: 0
No    No

ODI ID Number :    Number of Deaths: 0
10402106

Date Complaint
Filed: May 19,    Date of Incident: January 1, 2009
2011

VIN :
5N1BV28U15N...

Component: ENGINE AND ENGINE COOLING

Summary:
    2005 NISSAN QUEST WHEN LOCKING DOORS THROUGH ALARM CONTROL, AT TIMES,
THE DRIVER AND PASSENGER WINDOWS WILL ROLL DOWN. STARTED TO OCCUR AT
61,000 MILES. TIRE PRESSURE LIGHT TURNS ON EVEN WHEN TIRE PRESSURE IS
ADEQUATE. STARTED TO OCCUR AT 51,000 MILES. TIMING CHAIN GUIDES WERE
BELIEVED TO HAVE BEEN BROKEN, OCCURRED AT 63,000 MILES. GAS GAGE AT TIMES
WILL NOT DISPLAY CORRECT LEVEL OF GASOLINE IN TANK. STARTED TO OCCUR AT
54,000 MILES. BACK HATCH STOPPED WORKING AT 42,000 MILES. *TR

Make :    Model :    Year : 2006
NISSAN  QUEST

Manufacturer : Nissan North America, Inc.

Crash :    Fire :    Number of Injuries: 0
No         No

ODI ID Number :    Number of Deaths: 0
10465307

Date Complaint
Filed: July 11,    Date of Incident: July 5, 2012
2012

VIN :
5N1BV28U36N...

Component: ENGINE

Summary:
    2006 NISSAN QUEST PURCHSASED BRAND NEW FROM NISSAN DEALERSHIP IN
THOUSAND OAKS, CA IN 2007. WITH 68K MILES ON IT, IT'S FALLING APART. TIMING
CHAIN IS SHOT, A-ARM BUSHINGS CRACKED, FRONT ENGINE MOUNT CRACKED, ABS
SWITCH FAILED WAS REPLACED. *TR CONTACTED NISSAN CONSUMER AFFAIRS NAM,
THEY WOULDN'T HELP ME. THE TIMING CHAIN IS A KNOWN ISSUE WTH NISSAN. THEY
ISSUED A SERVICE BULLETIN IN DECEMBER OF 2009 FOR THE QUEST, MAXIMA, ALTIMA.
IT'S JUST TOO SOON IN THIS VEHICLES LIFECYCLE TO HAVE THESE ISSUES.

CLASS ACTION COMPLAINT

Make :    Model :    Year : 2007
NISSAN  QUEST

Manufacturer : Nissan North America, Inc.

Crash :    Fire :    Number of Injuries: 0
No        No

ODI ID Number :    Number of Deaths: 0
10457381

Date Complaint
Filed: May 3,    Date of Incident: October 12, 2010
2012

VIN :
5N1BV28U47N...

Component: ENGINE AND ENGINE COOLING

Summary:
   AT 60000 MILES HAD TO REPLACE THE PASSENGER WHEEL BEARING AND ABS
SENSOR IN THE VEHICLE. AT 90000 MILES A KNOCKING SOUND BEGAN TO COME FROM
THE ENGINE WHILE THE VEHICLE WAS STOPPED OR IN PARK. MECHANIC ADVISED THIS
WAS DUE TO THE TIMING CHAIN, WHICH IS A PROBLEM DUE TO THE PLASTIC PARTS
THAT NISSAN USES TO HOLD THE TENSION ON THE CHAIN. THIS IS A KNOWN PROBLEM
WITH THIS MODEL VEHICLE AS NUMEROUS COMPLAINANTS HAVE BEEN FILED.
CONCERNED THAT NISSAN KNEW IT HAD A BAD COMPONENT AND HAS NOT FIXED THE
PROBLEM THAT EXIST. ALSO, NOW THE DRIVER SIDE WHEEL BEARING IS BAD AND
NEEDS TO BE REPLACED. STARTED TO HAVE PROBLEMS WITH THE BRAKES AROUND
30000. FIXED THE BRAKES WITH OE PARTS, AND THEN BEGAN TO HAVE PROBLEMS
WITH THE ROTORS. TECHNICIAN ADVISED THESE PROBLEMS CAME FROM THE ROTORS
GETTING HOT. HAD THE ROTORS TURNED WHICH DID NOT WORK. NOW I AM GOING TO
HAVE TO REPLACE THE ROTORS ON THE FRONT OF THE VEHICLE. WINDOW MOTOR
ALSO HAS WENT BAD IN THE VEHICLE. *TR

24

Make :    Model :    Year : 2007
NISSAN    QUEST

Manufacturer : Nissan North America, Inc.

Crash :    Fire :    Number of Injuries: 0
No        No

ODI ID Number :    Number of Deaths: 0
10456678

Date Complaint
Filed: April 27,    Date of Incident: September 7, 2011
2012

VIN :
5N1BV28U57N...

Component: ENGINE AND ENGINE COOLING

Summary:
    AROUND 85000 MILES A RATTLING NOISE APPEAR, IT WAS DIAGNOSED AS THE TIMING CHAIN, I WAS TOLD AT THE DEALERSHIP THAT THEY HAVE A PROBLEM WITH THE TIMING CHAIN BUT THEY DO NOT HAVE A RECALL. IT COST OVER $2000 TO REPAIR A PROBLEM KNOWN TO THE NISSAN COMPANY AND THEY WON'T DO A RECALL. *TR

Make :    Model :    Year : 2007
NISSAN    QUEST

Manufacturer : Nissan North America, Inc.

Crash :    Fire :    Number of Injuries: 0
No        No

ODI ID Number :    Number of Deaths: 0
10452976

Date Complaint
Filed: March 26,    Date of Incident: January 1, 2012
2012

VIN : Not
Available

Component: ENGINE AND ENGINE COOLING

Summary:
    TL* THE CONTACT OWNS A 2007 NISSAN QUEST. WHILE PARKED, THE CONTACT HEARD A WHINING NOISE COMING FROM THE ENGINE. THE FAILURE ALSO OCCURRED WHILE DRIVING AT VARIOUS SPEEDS. THE CONTACT STATED THAT THE NOISE HAD BECOME LOUDER WHEN DRIVING AT FASTER SPEEDS. THE VEHICLE WAS TAKEN TO THE DEALER FOR DIAGNOSTICS WHERE THE TECHNICIAN STATED THAT THE TIMING CHAIN TENSIONER WOULD HAVE TO BE REPLACED. THE VEHICLE WAS NOT REPAIRED. THE VIN WAS NOT AVAILABLE. THE APPROXIMATE FAILURE MILEAGE WAS 78,000.

25

Make :   Model :   Year : 2008
NISSAN  QUEST

Manufacturer : Nissan North America, Inc.

Crash :   Fire :   Number of Injuries: 0
No        No

ODI ID Number :   Number of Deaths: 0
10457654

Date Complaint
Filed: May 7,   Date of Incident: April 3, 2012
2012

VIN :
5N1BV28U48N...

Component: POWER TRAIN

Summary:
    AFTER ONLY ABOUT 59000 MILES MY NISSAN QUEST 2008 3.5L IS MAKING LOUD
WHINING NOISE FROM THE ENGINE. I AM INFORMED BY THE NISSAN DEALER WERE IT
IS BEING REPAIRED THAT THE TIMING CHAIN NEEDS TO BE REPLACED. THIS IS AN
ISSUE WITH MANY NISSAN VEHICLES AND AND OFFICIAL RECALL SHOULD BE MADE
ABOUT THIS PROBLEM WITH THIS TYPE OF ENGINES. SEE NISSAN TECHNICAL BULLETIN
FROM DEC. 14. 2009 WITH CLASSIFICATION: EM07-001C AND REFERENCE: NTSB07-042C
ABOUT THIS VERY WELL KNOW ISSUE FOR ALL NISSAN MAXIMA, ALTIMA, QUEST
BUZZING / WHINING NOISE FROM TIMING CHAIN AREA. *TR

26

## **Safety Concerns**

38.    In connection with its failure to disclose the fact that Timing Chain Systems are prone to premature failure, Nissan also risks the safety of occupants of the Subject Nissan Vehicles.  When the Subject Nissan Vehicles' Timing Chain Systems fail, drivers of the Subject Nissan Vehicles can experience an inability to accelerate, an inability to maintain speed, and even catastrophic engine failure.  As a result, drivers are unable to keep up with the normal flow of traffic, and are at an increased risk of a collision.  The reasonable expectation that the Subject Nissan Vehicles are safe to drive and ride in was, and is, material to Plaintiff and members of the Class.

39.    Indeed, numerous drivers of the Subject Nissan Vehicles have reported their safety concerns to the NHTSA.  A small sample of these reports is as follows (emphasis added):

| Make :<br>NISSAN | Model :<br>QUEST | Year : 2007 |
| --- | --- | --- |

Manufacturer : Nissan North America, Inc.

| Crash :<br>No | Fire :<br>No | Number of Injuries: 0 |
| --- | --- | --- |

| ODI ID Number :<br>10448556 | Number of Deaths: 0 |
| --- | --- |

| Date Complaint<br>Filed: February<br>20, 2012 | Date of Incident: December 15, 2011 |
| --- | --- |

VIN :
5N1BV28U47N...

Component: ENGINE AND ENGINE COOLING

Summary:
   LOUD SQUEALING NOISE FROM SECONDARY TIMING CHAIN TENSIONERS IN ENGINE. WAS TOLD IF TENSIONERS BREAK, **TIMING CHAIN WOULD RELEASE INTO ENGINE AND CAUSE A HAZARD.** DEALERSHIP FIXED IT- $1700 AND THE SECONDARY TENSIONERS ARE WORN AND CHEAP. THE NEW ONES ARE MUCH DIFFERENT. IF I HAD NOT HAD THE SQUEALING NOISE, THE TIMING CHAIN WOULD HAVE BEEN RELEASED INSIDE THE ENGINE. *TR

27

Make :    Model :    Year : 2004
NISSAN    QUEST

Manufacturer : Nissan North America, Inc.

Crash :    Fire :    Number of Injuries: 0
No        No

ODI ID Number :    Number of Deaths: 0
10478369

Date Complaint
Filed: October 2,    Date of Incident: September 5, 2012
2012

VIN :
5N1BV28U64N...

Component: ENGINE

Summary:
    MY NISSAN QUEST HAS BEEN MAKING A RATTLING NOISE THAT IS PROGRESSIVELY
GETTING WORSE. I TOOK IT IN TODAY AND WAS TOLD THAT I HAD PROBLEMS WITH
THE TIMING CHAIN AND THAT I SHOULD TAKE IT TO A DEALER OR ENGINE SHOP THAT
IS EQUIPPED TO FIX SUCH AN ISSUE. ONE OF THE REASONS I FAVORED BUYING THIS
CAR WAS BECAUSE OF THE FACT THAT NISSAN USES A TIMING CHAIN RATHER THAN A
TIMING BELT. THUS, I WOULDN'T HAVE THE EXPENSE OF REPLACING A TIMING BELT IN
THE FUTURE. I WAS LEAD TO BELIEVE THAT TIMING CHAINS WOULD NOT BE
SOMETHING THAT I WOULD NEED TO FIX. BECAUSE THIS PROBLEM IS PREVALENT
AMONG QUEST OWNERS, I BELIEVE THAT NISSAN SHOULD RECALL THEIR VEHICLES
THAT SUFFER FROM THE SAME DESIGN FLAW. **IF NISSAN DOESN'T ADDRESS THIS
ISSUE, SOMEONE IS GOING TO GET INJURED OR KILLED AS A RESULT OF ONE OF
THEIR FAULTY TIMING BELTS BREAKING WHILE ONE OF THEIR FAULTY CARS IS
BEING DRIVEN.** \*TR

## PLAINTIFF'S CLAIMS AGAINST NISSAN

40.    Plaintiff Joel Seguin is a citizen of California and a resident of Northridge,
California, in Los Angeles County, California.

41.    Plaintiff Joel Seguin purchased a new 2007 Nissan Quest from Simi Valley
Nissan in Simi Valley, California.

42.    When Plaintiff Seguin purchased his 2007 Nissan Quest from Nissan, he
relied on a reasonable expectation that the vehicle's Timing Chain System was designed
to last beyond the warranty period without need for repair or replacement.  And when
Plaintiff Seguin purchased his 2007 Nissan Quest, he also relied on a reasonable

28

expectation that the vehicle's Timing Chain System did not pose an unavoidable safety risk.

43.     Plaintiff Seguin reviewed Nissan Group's promotional materials and other information, and had Nissan disclosed its knowledge of the premature Timing Chain System failure when Plaintiff Seguin purchased his 2007 Nissan Quest, Plaintiff would have seen such disclosures and been aware of them.  Indeed, Nissan's omissions were material to Plaintiff Seguin.  He would not have purchased his 2007 Nissan Quest, or he would not have paid the purchase price charged by Nissan, had he known that the Timing Chain System was prone to unavoidably dangerous and premature failure, or that he likely would have to either spend thousands of dollars to repair the Timing Chain System in the early years of vehicle operation and ownership, or sell the vehicle at a loss.

44.     Additionally, Plaintiff Seguin's 2007 Nissan Quest suffered from premature Timing Chain System failure while it was under warranty, but because Nissan failed to disclose its knowledge of the problem to consumers like Plaintiff, although Plaintiff Seguin's 2007 Nissan Quest was making a "whining" noise that is symptomatic of the premature Timing Chain System failure, Plaintiff was not aware of the precise nature and extent of the problem.  Had Nissan disclosed its knowledge of the premature Timing Chain System failure when prior to the expiration of his warranty, Plaintiff would have seen such disclosures and been aware of them, and he would have demanded that Nissan repair his 2007 Nissan Quest while it was under warranty.

45.     Accordingly, Plaintiff Seguin has been monetarily damaged and suffered injury in fact as a result of Nissan's misconduct.

46.     On July 2, 2012, upon noticing a  high-pitched whining noise coming from the vehicle's engine, Plaintiff Seguin took his vehicle to the Keyes Woodland Hills Nissan dealership.  There, Plaintiff Seguin paid the dealership $300 to diagnose the problem, and was told that the Timing Chain System in his vehicle was damaged and would need to be repaired for $2,788.

47.    Rather than invest the additional $2,788 into a car with an estimated Kelly Blue Book® resale value of approximately $7,000, as a result of Nissan's unlawful conduct, Plaintiff was forced to sell the vehicle for $4,000, causing him to suffer a substantial economic loss.

## STATUTE OF LIMITATIONS

48.    Any applicable statutes of limitations have been tolled by Nissan's knowing and active concealment, denial, and misleading actions, as alleged herein. Plaintiff and members of the Class defined below were kept ignorant of critical information required for the prosecution of their claims, without any fault or lack of diligence on their part.  Plaintiff and members of the Class could not reasonably have discovered the true latent nature of the Timing Chain System defect or any of the issues and facts alleged herein.

49.    Nissan is under a continuous duty to disclose to Plaintiff and members of the Class the true character, quality and nature of the Subject Nissan Vehicles, and to disclose the existence of the material failure of the Timing Chain Systems.  Nissan knowingly, affirmatively and actively concealed the true character, quality and nature of the Timing Chain System defect.  Plaintiff and members of the Class reasonably relied upon Nissan's knowing, affirmative and active concealment.  Based on the foregoing, Nissan is estopped from relying on any statutes of limitation as a defense in this action.

50.    The causes of action alleged herein did or will only accrue upon discovery of the latent Timing Chain System defect, as a result of Nissan's fraudulent concealment of the Timing Chain System defect.  Plaintiff and members of the Class did not discover, and could not have discovered, through the exercise of reasonable diligence, the true nature of the Timing Chain System defect.

## **CLASS ACTION ALLEGATIONS**

51.     Plaintiff brings this action, on behalf of himself and all other similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

52.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All residents of the United States who, at any time before the filing of this Complaint, through the disposition of this action, purchased or leased 2004-2008 Nissan Maxima vehicles, 2004-2009 Nissan Quest vehicles, 2004-2006 Nissan Altima vehicles (with the VQ35 engine), 2005-2007 Nissan Pathfinder vehicles, 2005-2007 Nissan Xterra vehicles, or 2005-2007 Nissan Frontier vehicles (with the VQ40 engine).  Excluded from the Class are Nissan's  officers, directors, and employees (the "Nationwide Subclass");

> and

> All Citizens of California who, at any time before the filing of this Complaint, through the disposition of this action, purchased or leased 2004-2008 Nissan Maxima vehicles, 2004-2009 Nissan Quest vehicles, 2004-2006 Nissan Altima vehicles (with the VQ35 engine), 2005-2007 Nissan Pathfinder vehicles, 2005-2007 Nissan Xterra vehicles, or 2005-2007 Nissan Frontier vehicles (with the VQ40 engine), in California.  Excluded from the Class are Nissan's  officers, directors, and employees (the "California Subclass").

53.     Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

54.     Plaintiff reserves the right to establish subclasses where appropriate.

55.     This action is brought and properly may be maintained as a class action pursuant to the provisions of the Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2) or (b)(3) and satisfies the requirements thereof.

56.     <u>Community of Interest</u>:  There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

57.     <u>Numerosity</u>:  While the exact number of members of the Class is unknown to Plaintiff at this time and can only be determined by appropriate discovery,

31

membership in the Class is ascertainable based upon the records maintained by Nissan. At this time, Plaintiff is informed and believes that the Class includes thousands of members.

58.    In particular, Plaintiff is informed and believes that in 2004, Nissan sold 76,376 Maxima vehicles, 46,430 Quest vehicles, and 235,998 Altima vehicles. Plaintiff is informed and believes that in 2005, Nissan sold 75,425 Maxima vehicles, 40,357 Quest vehicles, 255,371 Altima vehicles, 76,156 Pathfinder vehicles, 72,447 Xterra vehicles, and 72,838 Frontier vehicles. Plaintiff is informed and believes that in 2006, Nissan sold 69,763 Maxima vehicles, 31,905 Quest vehicles, 232,457 Altima vehicles, 73,124 Pathfinder vehicles, 62,325 Xterra vehicles, and 77,510 Frontier vehicles. Plaintiff is informed and believes that in 2007, Nissan sold 52,574 Maxima vehicles, 28,590 Quest vehicles, 63,056 Pathfinder vehicles, 51,355 Xterra vehicles, and 64,397 Frontier vehicles. Plaintiff is informed and believes that in 2008, Nissan sold 47,072 Maxima vehicles and 18,252 Quest vehicles. Plaintiff is informed and believes that in 2009, Nissan sold 8,437 Quest vehicles.

59.    Therefore, the Class is sufficiently numerous that joinder of all members of the Class in a single action is impracticable under Federal Rule of Civil Procedure Rule 23(a)(1), and the resolution of their claims through the procedure of a class action will be of benefit to the parties and the Court.

60.    Ascertainability:  Names and addresses of members of the Class are available from Nissan's records.  Notice can be provided to the members of the Class through direct mailing, publication, or otherwise using techniques and a form of notice similar to those customarily used in consumer class actions arising under California state law and federal law.

61.    Typicality:  Plaintiff's claims are typical of the claims of other members of the Class which he seeks to represent under Federal Rule of Civil Procedure 23(a)(3) because Plaintiff and each member of the Class has been subjected to the same deceptive and improper practices and has been damaged in the same manner thereby.

62.   <u>Adequacy</u>:  Plaintiff will fairly and adequately represent and protect the interests of the Class as required by Federal Rule of Civil Procedure 23(a)(4).  Plaintiff is an adequate representative of the Class, because he has no interests which are adverse to the interests of the members of the Class.  Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained counsel who is competent and experienced in handling class action litigation on behalf of consumers.

63.   <u>Superiority</u>:  A class action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

(a)   The expense and burden of individual litigation make it economically unfeasible for members of the Class to seek to redress their "negative value" claims other than through the procedure of a class action.

(b)   If separate actions were brought by individual members of the Class, the resulting duplicity of lawsuits would cause members to seek to redress their "negative value" claims other than through the procedure of a class action; and

(c)   Absent a class action, Nissan likely would retain the benefits of its wrongdoing, and there would be a failure of justice.

64.   Common questions of law and fact exist as to the members of the Class, as required by Federal Rule of Civil Procedure 23(a)(2), and predominate over any questions which affect individual members of the Class within the meaning of Federal Rule of Civil Procedure 23(b)(3).

65.   The common questions of fact include, but are not limited to, the following:

(a)   Whether Timing Chain Systems installed in the Subject Nissan Vehicles were prone to premature failure;

(b)   Whether Nissan knew or should have known that Timing Chain Systems installed in the Subject Nissan Vehicles were prone to premature failure;

33

1

2

3

(c)   Whether Nissan had a duty to disclose that the Timing Chain Systems installed in the Subject Nissan Vehicles were prone to premature failure;

4

5

(d)   Whether Nissan breached its duty to disclose that the Timing Chain Systems were prone to premature failure;

6

7

8

(e)   Whether Nissan's conduct, as alleged herein, was unlawful, unfair, or fraudulent under the California's Unfair Competition Law, California Business & Professions Code sections 17200 *et seq.*;

9

10

11

(f)   Whether Nissan's conduct, as alleged herein, violated California's Consumers Legal Remedies Act, California Civil Code sections 1750 *et seq.*;

12

13

14

(g)   Whether Nissan's conduct, as alleged herein, constituted a breach of implied warranty pursuant to the Song-Beverly Consumer Warranty Act

15

(h)   Whether Nissan was unjustly enriched at the expense of the Class;

16

17

18

(i)   Whether Nissan actively concealed material facts from Plaintiff and members of the Class for the unlawful purpose of transferring the cost of the Timing Chain Systems failure to consumers; and

19

20

(j)   Whether Plaintiff and members of the Class are entitled to restitution and damages.

21

22

66.   In the alternative, this action is certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2) because:

23

24

25

26

(a)   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Nissan;

27

28

(b)   The prosecution of separate actions by individual members of the Class would create a risk of adjudications as to them which would, as a

34

1　　　　　practical matter, be dispositive of the interests of the other members of

2　　　　　the Class not parties to the adjudications, or substantially impair or

3　　　　　impede their ability to protect their interests; and

4　　　(c)　　Nissan has acted or refused to act on grounds generally applicable to

5　　　　　the Class, thereby making appropriate final injunctive relief or

6　　　　　corresponding declaratory relief with respect to the Class as a whole

7　　　　　and necessitating that any such relief be extended to members of the

8　　　　　Class on a mandatory, class-wide basis.

9　　67.　　Plaintiff is not aware of any difficulty which will be encountered in the

10　management of this litigation which should preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
*Brought on Behalf of the California Subclass*
### Violation of the Consumers Legal Remedies Act
### (Cal. Civil Code § 1750 *et seq.*)

68.　　Plaintiff hereby incorporates by reference the allegations contained in the

preceding paragraphs of this Complaint.

69.　　Plaintiff brings this cause of action on behalf of himself and the other

members of the California Subclass.

70.　　This cause of action is brought under the Consumers Legal Remedies Act,

California Civil Code sections 1750 *et seq.* ("CLRA").  Plaintiff and members of the

Class are consumers as defined by California Civil Code section 1761(d).  The Subject

Nissan Vehicles are goods within the meaning of California Civil Code section 1761(a).

35

71.    Nissan violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code section 1770(a) in transactions with Plaintiff and members of the Class, which were intended to result in, and did result in, the sale of the Subject Nissan Vehicles:

(5)    Representing that [the Subject Nissan Vehicles have]… characteristics…[and] uses…which they do not have….

(7)    Representing that [the Subject Nissan Vehicles] are of a particular standard…if they are of another.

(9)    Advertising [the Subject Nissan Vehicles]…with intent not to sell them as advertised.

72.    Nissan violated the CLRA by failing to disclose, within the warranty period or at any point thereafter, to Plaintiff and members of the Class that the Timing Chain Systems installed in the Subject Nissan Vehicles are prone to premature failure.

73.    Nissan further violated the CLRA by actively concealing material facts from Plaintiff and members of the Class for the purpose of transferring the cost of repairing or replacing the defective Timing Chain Systems to consumers.

74.    Nissan also violated the CLRA because its failure to disclose to Plaintiff and members of the Class the material fact that the Timing Chain Systems are prone to premature failure risked the safety of owners and occupants of the Subject Nissan Vehicles.

75.    As a result of Nissan's failure to disclose that Timing Chain Systems installed in the Subject Nissan Vehicles were prone to premature failure, Plaintiff and members of the Class were exposed to safety risks, and were required to spend thousands of dollars to repair or replace the Timing Chain Systems, as well as to repair the resulting damage to the engines, or sell the Subject Nissan Vehicles without repair for a substantial loss.  The fact that the Timing Chain Systems were prone to premature failure is material because no reasonable consumer expects that they will have to spend thousands of dollars for repairs and replacements in the early years of vehicle ownership, and because Plaintiff and members of the Class had a reasonable expectation that the vehicles would not suffer

36

1   from a premature failure that would present a significant safety risk.

2        76.   At this time, Plaintiff seeks only injunctive relief under this cause of action.

3   Under Section 1782 of the CLRA, Plaintiff has notified Nissan in writing of the particular

4   violations of Section 1770 of the CLRA and demanded that Nissan rectify the problems

5   associated with the behavior detailed above, which acts and practices are in violation of

6   California Civil Code section 1770.

7        77.   If Nissan fails to respond adequately to Plaintiff's above-described demand

8   within 30 days of Plaintiff's notice, under California Civil Code section 1782(b), Plaintiff

9   will amend the Complaint to request damages and other relief permitted by California

10   Civil Code section 1780.

11        78.   In connection with this Complaint, Plaintiff will file a Declaration of Venue

12   in accordance with Civil Code § 1780(d).

13        79.   Under Section 1782(d) of the CLRA, Plaintiff, on behalf of himself and

14   members of the Class, also seeks an order enjoining the act and practices described above,

15   restitution of property, and any other relief that the court deems proper.

16        80.   Nissan's conduct is malicious, fraudulent, and wanton, and the company

17   continues to intentionally mislead and withhold material information from consumers.

18   The malicious, fraudulent, and wanton nature of Nissan's conduct is evidenced by the fact

19   that even after receiving notice of the issues described above from Plaintiff and countless

20   other consumers, Nissan continues to deny that there is any problem with the Timing

21   Chain Systems installed in the Subject Nissan Vehicles and refuses to offer Plaintiff and

22   members of the Class any remedy for the damages it has caused.

23                             **SECOND CAUSE OF ACTION**

24               ***Brought on Behalf of the California Subclass***

                  **Violation of Unfair Competition Law**

25      **(California Business & Professions Code §§ 17200 *et seq.*)**

26        81.   Plaintiff hereby incorporates by reference the allegations contained in the

27   preceding paragraphs of this Complaint.

28        82.   Plaintiff brings this cause of action on behalf of himself and the other

1    members of the California Subclass.

2        83.    California Business and Professions Code section 17200 prohibits "any

3    unlawful, unfair or fraudulent business act or practice." For the reasons described above,

4    Nissan has engaged in unlawful, unfair, and/or fraudulent business acts or practices in

5    violation of California Business and Professions Code section 17200.

6        84.    Defendant's misrepresentations and omissions of material facts, as set forth

7    herein, constitute an unlawful practice because they violate California Civil Code sections

8    1572, 1573, 1709, 1710, 1711, 1770, California Business and Professions Code

9    sections 17200 *et seq.* and the common law.

10       85.    Nissan's misrepresentations and omissions of material facts, as set forth

11    herein, also constitute "unfair" business acts and practices within the meaning of

12    California Business and Professions Code sections 17200 *et seq.*, in that Nissan's conduct

13    was injurious to consumers, offended public policy, and was unethical and unscrupulous.

14    Plaintiff also asserts a violation of public policy by withholding material facts from

15    consumers. Nissan's violation of consumer protection and unfair competition laws in

16    California resulted in harm to consumers.

17       86.    There were reasonable alternatives available to Nissan to further Nissan's

18    legitimate business interests, other than the conduct described herein.

19       87.    California Business and Professions Code section 17200 also prohibits any

20    "fraudulent business act or practice."

21       88.    Nissan's misrepresentations and concealment of material facts, as set forth

22    above, were false, misleading, and/or likely to deceive the public within the meaning of

23    California Business and Professions Code section 17200.

24       89.    Nissan's acts of misrepresentations and concealment were made with

25    knowledge of their effect, and were done to induce Plaintiff and members of the

26    California Subclass to purchase the Subject Nissan Vehicles, and to prevent them from

27    seeking replacement or repair of the Timing Chain Systems while the Subject Nissan

28    Vehicles were under warranty, thereby unlawfully transferring the costs from Nissan to

Plaintiff and members of the California Subclass. Plaintiff and members of the California Subclass saw and justifiably relied on Nissan's knowing, affirmative, and active concealment when they purchased the Subject Nissan Vehicles, and when they failed to have their Timing Chain Systems repaired or replaced within the warranty period.

90.     Nissan's conduct caused and continues to cause injury to Plaintiff and members of the California Subclass. Plaintiff and members of the California Subclass have suffered injury in fact and have lost money as a result of Nissan's fraudulent conduct.

91.     As a result of Nissan's failure to disclose, within the warranty period, that the Timing Chain Systems installed in the Subject Nissan Vehicles were prone to premature failure, Plaintiff and members of the California Subclass were exposed to safety risks, and were required to spend thousands of dollars to repair or replace their Timing Chain Systems, or sell their Subject Nissan Vehicles without repair at a substantial loss. Therefore, the fact that the Timing Chain Systems were prone to premature failure is material because no reasonable consumer expects that they will have to spend thousands of dollars for repairs in the early years of vehicle ownership, and because Plaintiff and members of the California Subclass had a reasonable expectation that the Subject Nissan Vehicles would not suffer from premature failure that would present a safety risk.

92.     Additionally, the fact that the Timing Chain Systems installed in the Subject Nissan Vehicles were prone to premature failure is material because it presents a safety issue and places the driver and passengers at risk of serious harm. When the Subject Nissan Vehicles' Timing Chain Systems fail, this sets off a chain reaction, leading to catastrophic engine failure, as well as the inability of the vehicles to accelerate or maintain speed. Thus, occupants of the Subject Nissan Vehicles are exposed to rear end collisions and other accidents caused by the driver's inability to maintain an appropriate and safe speed.

93.     Plaintiff and members of the California Subclass would not have purchased the Subject Nissan Vehicles had it not been for Nissan's misrepresentations and

concealment of material facts.  Furthermore, had it not been for Nissan's intentional failure to disclose this safety defect, owners of the Subject Nissan Vehicles would have had their defective Timing Chain Systems repaired or replaced prior to expiration of the warranty period.

94.    Nissan has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and members of the California Subclass to judgment and equitable relief against Nissan, as set forth in the Prayer for Relief.

95.    Additionally, under Business and Professions Code section 17203, Plaintiff and members of the Class seek an order requiring Nissan to immediately cease such acts of unlawful, unfair, and fraudulent business practices and require Nissan to correct its actions.

### THIRD CAUSE OF ACTION
*Brought on Behalf of the California Subclass*
**Breach of Implied Warranty pursuant to Song-Beverly Consumer Warranty Act (California Civil Code §§ 1792 and 1791.1 *et seq.*)**

96.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

97.    Plaintiff brings this cause of action on behalf of himself and the other members of the California Subclass.

98.    Nissan was at all relevant times the manufacturer, distributor, warrantor or seller of the Subject Nissan Vehicles.  Nissan knew or had reason to know of the specific use for which the Subject Nissan Vehicles were purchased.

99.    Nissan provided Plaintiff and members of the California Subclass with an implied warranty that the Subject Nissan Vehicles and any parts thereof are merchantable and fit for the ordinary purposes for which they were sold.  However, the Subject Nissan Vehicles are not fit for the ordinary purpose of providing reasonably reliable and safe transportation because, *inter alia*, the Subject Nissan Vehicles and their Timing Chain Systems suffer from an inherent defect at the time of sale and thereafter are not fit for their particular purpose of providing safe and reliable transportation.

40

100.    Nissan impliedly warranted that the Subject Nissan Vehicles were of merchantable quality and fit for such use. This implied warranty included, among other things: (i) a warranty that the Subject Nissan Vehicles and the Timing Chain Systems manufactured, supplied, distributed, or sold by Nissan were safe and reliable for providing transportation; and (ii) a warranty that the Subject Nissan Vehicles and their Timing Chain Systems would be fit for their intended use while the Subject Nissan Vehicles were being operated.

101.    Contrary to the applicable implied warranties, the Subject Nissan Vehicles and their Timing Chain Systems, at the time of sale and thereafter, were not fit for their ordinary and intended purpose of providing Plaintiff and members of the California Subclass with reliable, durable and safe transportation. Instead, the Subject Nissan Vehicles are defective, including but not limited to the defective design and manufacture of their Timing Chain Systems.

102.    Nissan's actions, as complained of herein, breached the implied warranty that the Subject Nissan Vehicles were of merchantable quality and fit for such use in violation of California Civil Code §§ 1792 and 1791.1.

## FOURTH CAUSE OF ACTION
### *Brought on Behalf of the Nationwide Subclass*
### Fraud

103.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

104.    Plaintiff brings this cause of action on behalf of himself and the members of the Nationwide Subclass.

105.    Nissan concealed and suppressed material facts, namely, the fact that the Timing Chain Systems installed in the Subject Nissan Vehicles were prone to premature failure, exposing drivers and occupants to safety risks, and members of the Nationwide Subclass to suffer monetary damages.

106.    Nissan knew its concealment and suppression of material facts was false

41

1  and misleading.

2    107. As a result of Nissan's failure to disclose to members of the Nationwide

3  Subclass the material fact that the Timing Chain Systems installed in the Subject Nissan

4  Vehicles were prone to premature failure, consumers are required to spend thousands of

5  dollars to repair or replace the Timing Chain Systems and the damaged engine, or sell

6  their vehicles at a substantial loss.  Therefore, the fact that the Timing Chain Systems

7  installed in the Subject Nissan Vehicles were prone to premature failure is material

8  because no reasonable consumer expects that they will have to spend thousands of

9  dollars for repairs in the early years of vehicle ownership, and because Plaintiff and

10  members of the Class had a reasonable expectation that the vehicles would not suffer

11  from a premature failure that would present a safety risk.

12    108. Additionally, the fact that the Timing Chain Systems installed in the Subject

13  Nissan Vehicles were prone to premature failure is material because it presents a safety

14  issue and places the driver and passengers at risk of serious harm.  When the Subject

15  Nissan Vehicles' Timing Chain Systems fail, this sets off a chain reaction, leading to

16  catastrophic engine failure, as well as the inability of the vehicles to accelerate or

17  maintain speed.  Thus, occupants of the Subject Nissan Vehicles are exposed to rear end

18  collisions and other accidents caused by the driver's inability to maintain an appropriate

19  and safe speed.   Accordingly, Plaintiff and members of the Nationwide Subclass

20  would not have purchased the Subject Nissan Vehicles but for Nissan's omissions and

21  concealment of material facts.

22    109. Nissan made the omissions and concealment of material facts discussed

23  above with knowledge of the effect of concealing these material facts.  Nissan knew that

24  by misleading consumers, Nissan would sell more Subject Nissan Vehicles, and would

25  furthermore discourage consumers from seeking replacement or repair of the Timing

26  Chain Systems within the warranty period, thereby unlawfully transferring the cost of

27  replacement from itself to the vehicle's owner, both of which would result in higher

28  profit margins for the company.

42

110.   Plaintiff and members of the Nationwide Subclass justifiably relied upon Nissan's knowing, affirmative and active concealment.  By concealing material information about the Subject Nissan Vehicles, Nissan intended to induce Plaintiff and members of the Class into purchasing the Subject Nissan Vehicles and discouraging them from seeking replacement or repair of the Timing Chain Systems within the warranty period.

111.   Nissan acted with malice, oppression and fraud.

112.   As a direct and proximate result of Nissan's omissions and active concealment of material facts, Plaintiff and each member of the Nationwide Subclass has been damaged in an mount according to proof at trial.

## FIFTH CAUSE OF ACTION
### *Brought on Behalf of the Nationwide Subclass*
### Unjust Enrichment

113.   Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

114.   Plaintiff brings this cause of action on behalf of himself and the members of the Nationwide Subclass.

115.   Nissan profited unjustly from the lease and sale of the Subject Nissan Vehicles at inflated prices as a result of concealing its knowledge of premature CVT failures.

116.   As a proximate result of Nissan's wrongful acts and omissions described herein, and as a result of Nissan's ill-gotten benefits and profits, Nissan has been unjustly enriched at the expense of Plaintiff and members of the Nationwide Subclass.

117.   The circumstances as described herein are such that it would be inequitable for Nissan to retain these ill-gotten benefits and profits without paying the value thereof to Plaintiff and the Nationwide Subclass.

118.   Plaintiff and members of the Nationwide Subclass are entitled to restitution of the amount of Nissan's ill-gotten gains, benefits and profits, including interest,

1   resulting from their unlawful, unjust and inequitable conduct, as described above.

2        119.   Accordingly, Plaintiff and members of the Nationwide Subclass seek an

3   order establishing Nissan as constructive trustees of the gains, benefits and profits that

4   served to unjustly enrich them, together with interest during the period in which Nissan

5   has retained such benefits and profits, and requiring Nissan to disgorge those profits to

6   Plaintiff and members of the Nationwide Subclass in a manner to be determined by the

7   Court.

8                              **PRAYER FOR RELIEF**

9        Plaintiff, and on behalf of himself and all others similarly situated, requests the

10  Court enter judgment against Nissan, as follows:

11       1.     Certifying the Class and subclasses, as requested herein;

12       2.     Ordering that Nissan is financially responsible for notifying all members of

13  the Class of the alleged omissions and active concealment of material facts discussed

14  herein;

15       3.     Awarding Plaintiff and the members of the Class compensatory damages in

16  an amount according to proof at trial;

17       4.     Awarding restitution and disgorgement of Nissan's revenues to Plaintiff and

18  members of the Class;

19       5.     Awarding declaratory and injunctive relief as permitted by law or equity,

20  including: enjoining Nissan from continuing the unlawful practices as set forth herein, and

21  directing Nissan to identify, with Court supervision, victims of its conduct and pay them

22  restitution and disgorgement of all monies acquired by Nissan by means of any act or

23  practice declared by this Court to be wrongful;

24       6.     Awarding to Plaintiff and the Class punitive damages;

25       7.     Ordering Nissan to engage in corrective advertising;

26       8.     Awarding interest on the monies wrongfully obtained from the date of

27  collection through the date of entry of judgment in this action;

28       9.     Awarding attorneys' fees, expenses, and recoverable costs reasonably

1 | incurred in connection with the commencement and prosecution of this action; and

2 |      10.    For such other and further relief as the Court deems just and proper.

3 | Dated: February **4**, 2013

BARON & BUDD, P.C.

By: _____
      Mark P. Pifko

Attorneys for Plaintiff
JOEL SEGUIN, individually, and on behalf
of other members of the public similarly
situated

1

## DEMAND FOR JURY TRIAL

2    Plaintiff requests trial by jury on all issues so triable.

3                                    Respectfully submitted,

4
Dated:  February 4, 2013

5
                                    BARON & BUDD, P.C.

6

7    By: _____
                                    Mark P. Pifko

8    Attorneys for Plaintiff
     JOEL SEGUIN, individually, and on behalf
9    of other members of the public similarly
     situated
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV13- 761 AG (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JOEL SEGUIN, individually, and on behalf of other members of the general public similarly situated, | NISSAN NORTH AMERICA, INC., a California corporation, and NISSAN JIDOSHA KABUSHKI KAISHA d/b/a NISSAN MOTOR CO, LTD., a publicly traded company in Japan |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Roland Tellis (SBN 186269); Mark Pifko (SBN 228412)<br>Natasha Mehta (SBN 272241); BARON & BUDD, P.C.<br>15910 Ventura Blvd., #1600, Encino, CA 91436; Ph. 818.839.2333 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  
☐ 2 U.S. Government Defendant  
☐ 3 Federal Question (U.S. Government Not a Party)  
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  
☐ 2 Removed from State Court  
☐ 3 Remanded from Appellate Court  
☐ 4 Reinstated or Reopened  
☐ 5 Transferred from another district (specify):  
☐ 6 Multi-District Litigation  
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No     ☒ **MONEY DEMANDED IN COMPLAINT:** $ excess of 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act, 28 U.S.C. § 1332(d)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## CV13-00761

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No  ☑ Yes
If yes, list case number(s): Case No. 2:13-cv-00686-DDP-MAN (C.D. Cal. removed January 31, 2013)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date  February 4, 2013

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| JOEL SEGUIN, individually, and on behalf of other members of the general public similarly situated, | ) ) ) |
| *Plaintiff(s)* | ) ) |
| v. | ) Civil Action No. **CV13-00761** AG (SHx) |
| NISSAN NORTH AMERICA, INC., a California corporation, and NISSAN JIDOSHA KABUSHIKI KAISHA d/b/a NISSAN MOTOR CO., LTD., a publicly traded company in Japan, | ) ) ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   NISSAN NORTH AMERICA, INC., a California corporation, and NISSAN JIDOSHA KABUSHIKI KAISHA d/b/a NISSAN MOTOR CO., LTD., a publicly traded company in Japan,
Agent for Service of Process Corporate Service Company Which Will Do Business in California as CSC - Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  FEB ⬛ 4 2013

MARILYN DA[...]

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: